**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION**

| | |
|---|---|
| ROY A. WILLIAMS | CIVIL ACTION NO. 3:17-CV-767 |
| VS. | SECTION P |
| | JUDGE S. MAURICE HICKS |
| DAVID F. POST, ET AL | MAGISTRATE JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Roy A. Williams, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on June 13, 2017. Plaintiff is incarcerated at the Louisiana State Penitentiary. He names the following as defendants: (1) Indigent Defender Board Attorney David F. Post; (2) Third Judicial District Judge Cynthia T. Woodard; (3) Former Assistant District Attorney Clifford R. Strider, III; (4) Former Court Reporter Jon Anne Winstead; (5) Lincoln Parish Clerk of Court, Linda Cook; and (6) Lincoln Parish Deputy Clerk of Court, Renee Smith. Plaintiff's complaint alleges improper actions on the part of the defendants in connection with plaintiff's application for post-conviction relief in the trial court. He seeks compensatory damages and injunctive relief. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Background*

Plaintiff contends that the defendants violated his civil rights during the post-conviction phase of his state court criminal proceedings in 2005. Specifically, plaintiff contends that the court reporter falsified the transcripts provided to him on appeal and that his counsel, the prosecutors, clerks and the judge conspired to subordinate perjury, conceal evidence and obstruct

his access to court records.

## Law and Analysis

### 1. Screening

When a prisoner is allowed to litigate a civil rights complaint *in forma pauperis,* the district court should dismiss the case if at any time it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (stating that when a prisoner seeks redress from a governmental entity or one of its employees, the court shall review the complaint as soon as practicable and dismiss it if the court finds the complaint frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief); 42 U.S.C.A. § 1997e(c) (providing that a district court shall on its own motion or the motion of any party dismiss a complaint by a prisoner regarding prison conditions if the court is satisfied the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant).

A claim is frivolous if it has no arguable basis in law or fact. *Nietzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir.1998) (quotation omitted). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir.1998).

While district courts are required to construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), they are, nonetheless, given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994). A complaint may not be dismissed under § 1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." *Jolly v. Klein*, 923 F.Supp. 931, 942-43 (S.D.Tex.1996). Nevertheless, a civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). See *Wesson v. Ogleby*, 910 F.2d 278, 281 (5th Cir.1990) ("An *IFP* complaint that recites bare legal conclusions, with no suggestion of supporting facts, or that postulates facts of an entirely fanciful nature, is a prime candidate for dismissal under [§ 1915(d)(2)(B) ]."). The district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

### *2. Immune Defendants*

Plaintiff alleges constitutional violations by Former Assistant District Attorney Clifford R. Strider, III, stemming from the criminal prosecution against him in the Third Judicial District Court. However, any claim for monetary damages against Strider is barred by the doctrine of absolute immunity. A district attorney is absolutely immune in a civil rights suit for any action taken pursuant to his role as prosecutor in preparing for the initiation of judicial proceedings and in presenting the State's case. See *Kalina v. Fletcher*, 522 U.S. 118, 129, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S.Ct. 984, 47 L.Ed.2d 128

3

(1976); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir.1997). Plaintiff's claim against the District Attorney is based on his role as a prosecutor. As the conduct complained of was taken in this defendant's role as the State's advocate, he is entitled to absolute prosecutorial immunity. *See Imbler*, 424 U.S. at 430 (absolute immunity protected prosecutor from suit even for knowingly using perjured testimony and suppressing material evidence at plaintiff's murder trial).

Similarly, Plaintiff's claims against Judge Cynthia Woodard arise out of the performance of her judicial duties. Judges have absolute immunity for acts done within the scope of their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). The Fifth Circuit has delineated three elements to identify acts as being judicial in nature: "(1) normal judicial functions that (2) occurred in the judge's court or chambers and were (3) centered around a case pending before the judge." *Eitel v. Holland*, 787 F.2d 995, 998 (5th Cir.1986). These factors are construed liberally in favor of immunity. *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir.1985). As the facts before this court establish that Judge Woodard's acts were clearly judicial in nature, she is entitled to absolute immunity and should be dismissed.

Finally, the Fifth Circuit has held that court personnel - including the Clerk of Court - are entitled to absolute immunity from suit to the extent that they are acting at the judge's direction. *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir.2001) (holding that court clerks are entitled to absolute immunity for acts they are specifically required to do under court order or at a judge's discretion). Plaintiff faults the Clerk of Court and Deputy Clerk of Court for failing provide free copies of the audio tapes of his trial. However, he submits that the clerks' actions were ordered by Judge Woodard. As all actions taken by the Clerks in this regard were ordered by the Court, Lincoln

Parish Clerk of Court, Linda Cook and Lincoln Parish Deputy Clerk of Court, Renee Smith are thus immune from suit.

### 3. *State Actor*

Plaintiff claims his appointed attorney David F. Post, conspired with the other defendants to violate his civil rights. Section 1983 prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. A plaintiff in a civil rights suit must show that the conduct complained of was committed by a person acting under color of state law. Neither privately obtained nor court appointed defense attorneys act under color of state law for purposes of Section 1983.

Both a retained and a court appointed attorney serve their client, the accused; they do not serve the state. They serve a private function for their client that follows from the very nature of the attorney-client relationship and for which no state office or authority are needed. Hence, neither a retained nor a court appointed attorney acts under color of state law and cannot be held liable under Section 1983. *See Polk County v. Dodson*, 454 U.S. 312, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981); *Ellison v. DeLa Rosa*, 685 F.2d 959, 960 (5th Cir. 1982) (citing *Polk County, supra); United States ex rel. Simmons v. Zibilich*, 542 F.2d 259, 261 (5th Cir. 1976); *Nelson v. Stratton*, 469 F.2d 1155 (5th Cir. 1972); *Richardson v. Fleming*, 651 F.2d 366 (5th Cir. 1981); *Mills v. Criminal District Court #3*, 837 F.2d 677 (5th Cir. 1988)(citing *Nelson, supra*).

Accordingly, Plaintiff's civil rights claim against David F. Post should be dismissed.

### 4. *Heck v. Humphrey*

Plaintiff's civil rights claim against Jon Anne Winstead, the Court Reporter in his criminal trial, calls into question the legality of his conviction and necessarily raises an issue under *Heck v. Humphrey*, 512 U.S. 477, 129 L. Ed. 2d 383, 114 S. Ct. 2364 (1994). In *Heck*, the United States Supreme Court held that no action for relief under 42 U.S.C. § 1983 accrues until a plaintiff's conviction has been held to be invalid or otherwise called into question. The Court stated:

> . . . to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's [*4] issuance of a writ of habeas corpus.

*Heck*, 512 U.S. 477, 486-87, 129 L. Ed. 2d 383, 114 S. Ct. 2364 (1994).

Plaintiff's claim that the Court Reporter in his criminal trial falsified the trial transcript falls squarely within the *Heck v. Humphry* bar. *See Clark v. Williams*, 693 F.2d 381, 382 (5th Cir. 1982). In *Clark*, the plaintiff sought damages for a conspiracy with regard to perjured testimony in a civil rights suit against the court reporter, state court judge, and other officials involved in his criminal trial. The District Court dismissed the suit. The Fifth Circuit Court of Appeals upheld the federal court's dismissal, holding that the sole federal remedy for such a criminal defendant was habeas corpus, not a civil rights suit, because if facts alleged in the complaint were proved, they would factually undermine or conflict with the state court conviction which resulted in his confinement. *Clark*, 693 F.2d at 382.

Plaintiff's incarceration has not been declared invalid or called into question as required by *Heck*. A § 1983 cause of action has not yet accrued, and Plaintiff's claim should be dismissed with

prejudice to its being reasserted until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (stating that dismissal under *Heck* should be with prejudice to the claim "being asserted again until the *Heck* conditions are met"). *Rodriguez v. Snider*, 2001 U.S. Dist. LEXIS 13844 (N.D. Tex. July 27, 2001)

### 5. *Statute of Limitations*

The Supreme Court has held that the statute of limitations for a §1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1984). However, the date of accrual for a §1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986). "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516, quoting *Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981). A plaintiff need not realize that a legal cause of action exists but only that the facts support a claim. *See, Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983).

Plaintiff became aware of the facts that would support his claim when they occurred in 2005, or at the latest, when the Louisiana Supreme Court ruled on his post-conviction application on December 7, 2006. The Fifth Circuit has approved application of Louisiana's one-year personal injury statute of limitations provided by La. Civ.Code Ann. art 3492 in a §1983 action. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980). Plaintiff therefore had 1-year, or until December 2007, at the latest, to file his civil rights complaint. Plaintiff's complaint was filed on June 13, 2017, nearly ten

years beyond the expiration of the 1-year period of limitations and therefore the complaint should be dismissed as frivolous.

### 6. Plaintiff's Claim for Release

Finally, although plaintiff filed his complaint as a civil rights complaint pursuant to Section 1983, to the extent that his complaint may be construed as challenging the legality of his confinement or as seeking his immediate release from confinement, such claims must be raised by petition for *habeas corpus* relief filed pursuant to 28 U.S.C. §2241 or 2254. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997); *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir.1994); *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir.1989); *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Serio v. Members of the La. State Board of Pardons*, 821 F.2d 1112, 1117 (5th Cir.1987). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of *habeas corpus*." *Muhammad v. Close*, 540 U.S. 749, 750, 124 S.Ct. 1303, 1304 (2004).

Therefore, to the extent that plaintiff seeks his immediate release from custody in this civil rights litigation, such claim must be dismissed for failing to state a claim for which relief can be granted pursuant to 28 U.S.C. 28 U.S.C. § 1915A(b)(1).

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2). Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of

this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, August 14, 2017.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**